IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON ASHTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  4:13-cv-810 |
| | § | |
| BAC HOME LOANS SERVICING, L.P. | § | |
| FKA COUNTRYWIDE HOME LOANS | § | |
| LOANS SERVICING, L.P. and | § | |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This foreclosure case is before the Court on the Motion to Dismiss ("Motion") [Doc. # 17] filed by Defendant Bank of America, N.A., the successor by merger to BAC Home Loans Servicing, LP ("BAC") f/k/a Countrywide Home Loans Servicing, LC ("Countrywide"), and Defendant Federal National Mortgage Association ("FNMA," collectively, "Defendants"). Plaintiff Jason Ashton ("Plaintiff") has filed a Response [Doc. # 18], and Defendants have filed a Reply [Doc. # 19]. The Court has carefully reviewed the parties' arguments, the record, and applicable law, and concludes that Defendants' Motion to Dismiss will be **granted**.

## I.     FACTUAL BACKGROUND

Plaintiff obtained a mortgage and purchased property located at 1530 Mission Springs in Katy, Texas (the "Katy Property"). First Amended Complaint [Doc. # 14], at 2. In addition to the Katy Property, Plaintiff owned and obtained mortgages on four other residential properties: 901 Whispering Pines Drive in Scotts Valley, California; 903 Whispering Pines Drive in Scotts Valley, California; 1025 Moon Valley Ranch Road in Watsonville, California; and 905 Moon Valley Ranch Road in Watsonville, California. First Amended Complaint, at 2-3, 7-8. BAC is second lienholder on both Scotts Valley properties and is the mortgagee and servicer of the 905 Moon Valley property. *Id.* at 3.

Plaintiff alleged that he failed to make mortgage payments on the Katy Property from "Mid 2011" though August 2012. *Id.* at 4. In November 2012, Defendant BAC foreclosed on the property. *Id.* at 3-4. Notices of the foreclosure were sent to the Katy Property and to the 903 Whispering Pines Property but were returned, unclaimed, or unable to be forwarded. *Id.* at 5. At the foreclosure sale, only BAC, the mortgagee, submitted a bid on the Katy Property. *Id.* at 9. BAC bid the total amount due on the loan, approximately $206,000. *Id.* BAC transferred the property to FNMA. *Id.* Plaintiff received a notice of eviction for the Katy Property, which was sent to the 903 Whispering Pines Property. *Id.* at 5.

On March 6, 2013, Plaintiff filed an Original Petition and Application for Ex Parte Temporary Restraining Order to prevent eviction by Defendants. Plaintiff asserts claims for wrongful foreclosure, promissory estoppel and detrimental reliance, fraud, and violation of the Texas Property Code. Original Petition [Exh. A to Doc. # 1], at 6, 8-15. In addition to injunctive relief, Plaintiff seeks, *inter alia*, rescission of the foreclosure, $350,000.00 in actual damages, $700,000.00 in punitive damages, and attorneys' fees. *Id.* at 15-16.

On March 27, 2013, Defendants filed a Motion to Dismiss [Doc. # 5]. Plaintiff filed an Amended Complaint [Doc. # 8] on April 17, 2013. The Court addressed the deficiencies in Plaintiff's Original Petition and (implicitly) his Amended Complaint at an initial status conference held on April 22, 2013, during which this Court granted Plaintiff leave to file a second amended complaint and a sur-reply to Defendants' Motion to Dismiss. *See* Recording of Apr. 22, 2013 Hearing. On April 29, 2013, Plaintiff filed a another complaint erroneously labeled "First Amended Complaint" ("First Amended Complaint") [Doc. # 14].

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563

F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

### III.   ANALYSIS

#### A.   Wrongful Foreclosure

Plaintiff alleges that Defendant wrongfully foreclosed on the Katy Property. First Amended Complaint, at 6. To establish a wrongful foreclosure claim, a plaintiff must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price, and (3) a causal connection between [the defect and the grossly inadequate selling price]." *Martins v. BAC Home Loans Servicing, L.P.*, --- F.3d ----,

No. 12-20559, 2013 WL 3213633 (5th Cir. June 26, 2013) (citing *Charter Nat'l Bank-Hous. v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied)). Plaintiff asserts that BAC failed to send notice to the 905 Moon Valley Property of the Katy Property's foreclosure, and after no third party bid on the home at the foreclosure sale, BAC bought the Katy Property, which Plaintiff alleges was valued at over $450,000, for a grossly inadequate selling price of $206,000. *Id.* at 8-9. Plaintiff also contends that the lack of notice caused Plaintiff to lose "opportunities to correct the deficiency and save his home from the sale, and the ultimate transfer to FNMA." First Amended Complaint, at 9.

Even assuming for the purpose of this Motion that Plaintiff has established a defect in the foreclosure sale and that the sales price of the Katy Property was grossly inadequate, Plaintiff has failed to allege that the deficient notice (the alleged defect in the foreclosure proceedings) caused the grossly inadequate sales price. "Under Texas law, a low foreclosure sale price does not amount to wrongful foreclosure; the plaintiff must allege that other irregularities in the foreclosure proceedings caused or contributed to a grossly inadequate price." *Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (unpublished) (citing *Am. Sav. & Loan Ass'n of Hous. v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975); *Powell v. Stacy*, 117 S.W.3d 70, 75 (Tex. App.—Fort Worth 2003, no pet.)). Plaintiff's conclusory allegation that

he "lost opportunities to correct the deficiency" is insufficient. Plaintiff fails "to plead . . . a chilling effect on the bidding process or other prejudice arising from this defect." *Sw. Fed. Sav. Ass'n v. Royal-Beltline Joint Venture*, No. CA3-90-1589D, 1991 WL 352489, at *2 (N.D. Tex. June 28, 1991) (Fitzwater, J.).[1] Plaintiff has not pleaded that "any prospective bidder was prevented or deterred in any manner from bidding at the [foreclosure] sale."[2] *Id.* Plaintiff only alleges, without factual allegations in support, that he could have prevented the foreclosure in the first place, not that the lack of notice caused the sales price to be grossly inadequate. Plaintiff has failed to put Defendants on notice of how the alleged defect caused the grossly inadequate sales price. Accordingly, Defendants' Motion to Dismiss is granted as to Plaintiff's wrongful foreclosure claim.

Further, Plaintiff does not allege a legally cognizable defect in the foreclosure proceedings. Plaintiff argues that Defendant failed to comply with the notice requirements set forth in the Texas Property Code because Defendants sent notices of the foreclosure sale of the Katy Property to the wrong addresses. Although a failure

---

[1] *See also Jonas v. Ocwen Fin. Corp.*, No. , 2011 WL 2960108, at *4 (S.D. Tex. July 20, 2011) (Hoyt, J.) ("Nor has the plaintiff demonstrated that any purported irregularity in the property description caused or contributed to lower bids, fewer bids or a grossly inadequate sales price." (citing *Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781, 788 (Tex. App.—Amarillo 2007, pet. denied)).

[2] Plaintiff does not allege that he would have bid on the property.

to comply with the notice requirements under the Texas Property Code can constitute a defect in the foreclosure proceedings, *see Martins*, 2013 WL 1777487, at *2, Plaintiff's allegations do not state a claim for failure to comply to the Texas Property Code. It is undisputed that Defendants sent notices of the Katy Property's foreclosure by certified mail to the Katy Property and to the 903 Whispering Pines Property. First Amended Complaint, at 8. Plaintiff contends that he gave Defendants sufficient notice that the mailing address for the Katy Property should be changed to 905 Moon Valley Property "over a period of years, by several written methods" and, therefore, under Texas law, the foreclosure notice should have been sent to the 905 Moon Valley Property. First Amended Complaint, at 6. Specifically, the "notice" of change of address on which Plaintiff relies is his listing on his other mortgages and on his checking account of the 905 Moon Valley address. *See* Response, at 3, 5; First Amended Complaint, at 4. He also claims that address was included in his correspondence during discussions about a loan modification for the 905 Moon Valley Property. *See* Response, at 3; First Amended Complaint, at 4.

The Texas Property Code states that when the property at issue is not the debtor's residence, service of a notice of a foreclosure sale must be sent by certified mail to the debtor at the debtor's last known address. TEX. PROP. CODE ANN. §§ 51.0001(2)(B), 51.002(b), (e). The Code defines a "debtor's last known address"

as the address in "the records of the mortgage servicer of the security instrument unless the debtor provided the current mortgage servicer a written change of address before the date the mortgage servicer mailed a notice required by section 51.002." TEX. PROP. CODE ANN. § 51.0001(2)(B). Texas law also requires that "[a] debtor shall inform the mortgage servicer of the debt in a *reasonable manner* of any change of address of the debtor for purposes of providing notice to the debtor under Section 51.002." TEX. PROP. CODE ANN. § 51.0021 (emphasis added).

Plaintiff has not alleged that he notified BAC in writing that he wished to change the mailing address for the Katy Property loan to the 905 Moon Valley Property. Plaintiff's counsel confirmed that no such writing exists. Although Plaintiff cites to various written documents, none concern the Katy Property. Plaintiff's loan modification documents for the 905 Moon Valley Property, a loan unrelated to the Katy Property, do not constitute written notice under the Texas Property Code. These documents only involve the 905 Moon Valley Property. There is no obligation for a mortgagee to deduce a change in the borrower's desired mailing address on one loan from the borrower's communications on different loans. Plaintiff's reliance on sources other than an explicit notice to the mortgagee sent by the borrower concerning the loan in issue is unavailing. It would be commercially unworkable for mortgagees to have to guess what address the borrower intended the mortgagee to use or for

mortgagee to be required to send notices to all properties connected to the borrower. Accordingly, Plaintiff's manner of notifying Defendants of his request that future notices concerning the Katy Property be sent to him at 905 Moon Valley (rather than to the Katy Property or 903 Whispering Pines addresses) was not reasonable. The notice of foreclosure sent by Defendants did not, as a matter of law, constitute defect in that foreclosure sale. Plaintiff has failed to sufficiently plead two of the three elements of a wrongful foreclosure claim. Plaintiff has had three opportunities to plead a viable wrongful foreclosure claim and has not done so. Plaintiff's wrongful foreclosure claim, therefore, is dismissed with prejudice.

### B. Violation of Section 51.002 of the Texas Property Code

Plaintiff also alleges that Defendant violated section 51.002 of the Texas Property Code. First Amended Complaint, at 15. Reiterating his arguments in support of his wrongful foreclosure claim, Plaintiff contends that Defendant did not send him adequate notice of the Katy Property's foreclosure sale. *Id.* This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages. The section also does not contain its own enforcement mechanism. Rather, federal courts have construed claims under section 51.002 to be wrongful foreclosure claims. *See Hill v. Wells Fargo Bank, N.A.*, No. V-12-11, 2012 WL 2065377, at *7-8 (S.D. Tex. June 6, 2012) (Rainey, J.); *Bittinger v. Wells Fargo*

*Bank NA*, No. H-10-1745, 2011 WL 3568206, at *4-5 (S.D. Tex. Aug. 15, 2011) (Rosenthal, J.). Accordingly, the Court construes the section 51.002 claim to be a restatement of Plaintiff's wrongful foreclosure claim. For the reasons set forth above, Defendants' Motion to Dismiss is granted with prejudice on Plaintiff's claim under section 51.002 of the Texas Property Code.

### C. Breach of Contract

Plaintiff may intend to assert a breach of contract claim within his claim for wrongful foreclosure. First Amended Complaint, at 8-10. Plaintiff asserts that Defendant BAC breached the Deed of Trust because it foreclosed on Plaintiff's property even though it failed "to send Plaintiff notice as required under the Property Code Section 51.002 to the last known address of [P]laintiff . . . ." First Amended Compliant, at 8. Plaintiff's breach of contract theory fails as a matter of law.

To prevail on a breach of contract claim, a plaintiff must establish the existence of a valid contract, the performance or tender of performance by the plaintiff, a breach by the defendant, and damages as a result of that breach. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (quoting *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.)). "Under Texas law, if one party to a contract breaches, there is no obligation for the non-breaching party to continue performance." *United States* ex rel. *Wallace v. Flintco Inc.*, 143

F.3d 955, 968 (5th Cir. 1998) (citations omitted).[3]  Therefore, "[u]nder well-established principles of Texas contract law, that material breach would normally prevent [the breaching party] from maintaining a breach-of-contract claim." *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 341 (5th Cir. Nov. 30, 2012) (unpublished) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)).

According to Plaintiff, because he provided written notice of his change of address as required in the Deed of Trust, he "substantially performed his contractual obligations." First Amended Complaint, at 18. The Court disagrees. Plaintiff breached the contract by failing to make his mortgage payments from "Mid 2011" through August 2012. *Id.* at 4. Defendant sent notice of the foreclosure to the Katy Property and the 903 Whispering Pines Property on October 15, 2012. *See* Certified Mail Envelops [Exh. A to Doc. # 11], at 2-3. On November 6, 2012, BAC foreclosed on the Katy Property. *Id.* ¶ 7, 10. Plaintiff's breach therefore preceded Defendant BAC's failure to send the notice to the 905 Moon Valley Property and the

---

[3] *See also Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 470 (5th Cir. 2004); *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994) ("A fundamental principle of contract law is that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from any obligation to perform." (citing *Jack v. State*, 694 S.W.2d 391, 398-99 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.))).

foreclosure.[4]  Plaintiff's breach of contract claim is dismissed with prejudice.[5]

### D. Promissory Estoppel

Plaintiff also asserts two promissory estoppel theories. First, he argues that he "relied on the statutory guarantees that he would be actually notified" if a foreclosure proceeding was initiated or his promissory note was accelerated. First Amended Complaint, at 10. "Under the doctrine of promissory estoppel, if justice requires, a person may be bound by a promise that he reasonably believed would induce action or inaction and that did induce the action or forbearance." *Martin v. BAC Home Loans Servicing, L.P.*, --- F.3d ----, No. 12-20559, 2013 WL 3213633, at *4 (5th

---

[4] Further, Plaintiff has failed to allege a plausible breach of contract theory. As discussed above, Defendant did not, as a matter of law, breach the contract by failing to comply with the notice requirements of section 51.002 of the Texas Property Code.

[5] In his Response, Plaintiff appears to argue for the first time that BAC breached "the Home Retention programs." Response, at 5-6. He does not assert any claim involving Home Retention programs in his First Amended Complaint. Accordingly, any such argument is rejected. In any event, the Southern District of Texas has consistently held that federal loan modification programs, like the Home Affordable Modification Program ("HAMP"), do not create a private right of action for a borrower. *See, e.g.*, *Hung Quang Tran v. BAC Home Loans Servicing, LP*, No. 4:10-cv-03514, 2011 WL 5057099, at *3 (S.D. Tex. Oct. 24, 2011) (Ellison, J.) (collecting cases) (summary judgment granted); *Cade v. BAC Home Loans Servicing, LP*, No. H-10-4224, 2011 WL 2470733, at *2 (S.D. Tex. June 20, 2011) (Miller, J.) (collecting cases) (dismissed third-party beneficiary and promissory estoppel claims based on alleged failure to comply with HAMP); *Akintunju v. Chase Home Fin., LLC*, No. H-11-389, 2011 WL 2470709 (S.D. Tex. June 20, 2011) (Rosenthal, J.); *see also Simon v. Bank of Amer., N.A.*, No. 10-cv-00300, 2010 WL 2609436, at *10 (D. Nev. June 23, 2010) (Navarro, J.) (dismissed wrongful foreclosure claim based on alleged failure to comply with HAMP).

Cir. June 26, 2013) (citing *Moore Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 937 (Tex. 1972)). Plaintiff does not allege that (1) Defendants made a promise involving how Plaintiff would be notified of foreclosure proceedings or acceleration of the promissory note; (2) Defendants reasonably believed that any such promise would induce action or inaction, or (3) the promise induced action or forbearance by Plaintiff. Accordingly, Plaintiff has not sufficiently pleaded his first promissory estoppel theory, and Defendants' Motion to Dismiss is granted as to that theory.

Second, Plaintiff argues that he relied upon oral promises by BAC representatives that BAC would not foreclose on the Katy Property during the loan modification process. First Amended Complaint, at 10-11. Under Texas law, the statute of frauds requires all loan agreements involving more the $50,000.00 to be in writing and signed by the party to be bound. *See* TEX. BUS. & COM. CODE ANN. § 26.02(b). The definition of a "loan agreement" in the statute of frauds includes promises "pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." *See* TEX. BUS. & COM. CODE ANN. § 26.02(a)(2). "Promissory estoppel may overcome the statute-of-frauds requirement in Texas, but 'there must have been a promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of

frauds.'" *Martin*, 2013 WL 3213633, at *5 (citations omitted). In his First Amended Complaint, Plaintiff makes no allegation that Defendant promised to sign an existing document agreeing to postpone the foreclosure of the Katy Property. Plaintiff "alleges only an oral agreement, not a promise on the part of BAC or its agents to sign an agreement validating the oral agreement that would satisfy the statute of frauds." *Id.* Therefore, Plaintiff's claim that BAC promised to make a financial accommodation by delaying foreclosure is barred by the Texas statute of frauds. *See Gordon v. JPMorgan Chase Bank, N.A.*, No. H-12-0528, 2012 WL 1552050, at *3 (S.D. Tex. Apr. 30, 2012) (citing *See* TEX. BUS. & COM. CODE ANN. § 26.02(a)(2); *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-cv-370, 2010 WL 1026968, at *5 (E.D. Tex. Feb.16, 2010)). Plaintiff's promissory estoppel claim is dismissed with prejudice.

  **E.** **Fraud**

  Plaintiff asserts a cause of action for fraud under section 27.01 of the Texas Business and Commerce Code, claiming that BAC's modification department falsely claimed that they would not foreclose on the Katy Property in 2011. First Amended Complaint 12-13. Plaintiff asserts that BAC made this promise to induce him to enter into modification agreement on a different mortgage, the loan on the 905 Moon Valley Property. *Id.* Plaintiff further asserts that BAC "intended or had reason to expect Plaintiff would enter into" the modification agreement and that Plaintiff relied on

BAC's representations when he agreed to the modification. *Id.* Plaintiff claims that "Plaintiff's reliance on [BAC's] false representation that the Katy house was not in danger of being sold, is the proximate cause of his injuries," and that he "would have taken other steps to protect that house" if he would have known of the impending foreclosure. *Id.* at 13.

> Section 27.01(a) states that,
>
> (a) Fraud in a transaction involving real estate or stock in a corporation or joint stock company consists of a
> 	(1) false representation of a past or existing material fact, when the false representation is
> 		(A) made to a person for the purpose of inducing that person to enter into a contract; and
> 		(B) relied on by that person in entering into that contract; or
> 	(2) false promise to do an act, when the false promise is
> 		(A) material;
> 		(B) made with the intention of not fulfilling it;
> 		(C) made to a person for the purpose of inducing that person to enter into a contract; and
> 		(D) relied on by that person in entering into that contract.

TEX. BUS. & COM. CODE ANN. § 27.01(a). Section 27.01 "'is concerned with misrepresentation of material fact made to induce another to enter into a contract for the sale of land . . . ,' and is inapplicable when there is no contract or sale of land between the parties." *Pradhan v. JPMorgan Chase Bank, N.A.*, No. 4:12-cv-539, 2013 WL 617061, at *3 (E.D. Tex. Feb. 19, 2013) (Clark, J.) (citing *Life Ins. Co. of Va. v. Murray Inv. Co.*, 646 F.2d 224, 227 n.2 (5th Cir. 1981); *Tex. Commerce Bank*

*Regan v. Lebco Constr., Inc.*, 865 S.W.2d 68, 82 (Tex. App.—Corpus Christi 1993, writ denied), *overruled on other grounds by Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507 (Tex.1998)).[6] "Section 27.01 does not apply to a party who merely loaned money for the purchase of real estate." *Pradhan*, 2013 WL 617061, at *3 (*Tex. Commerce Bank Regan*, 865 S.W.2d at 82).

Plaintiff has failed to raise a legally cognizable claim under section 27.01 of the Texas Business and Commerce Code. The contract at issue is a loan modification agreement for the 905 Moon Valley Property, not a contract to purchase real estate. BAC, whose representatives allegedly made the false representations, merely loaned money to Plaintiff for the purchase of the Katy Property and the 905 Moon Valley Property. Accordingly, Plaintiff's section 27.01 fraud claim is dismissed with prejudice.

F.  **Rescission of Foreclosure and Reinstatement of Loan**

Plaintiff seeks rescission of the foreclosure sale. First Amended Complaint, at 14. "For a foreclosure sale to be set aside or cancelled, the mortgagor must tender the

---

[6] *See also Life Ins. Co. Of Va. v. Murray Inv. Co.*, 646 F.2d 224, 227 n.2 (5th Cir. 1981) ("[T]he statute reaches only those transactions involving the actual or potential sale or purchase of real estate . . . ."); *Greenway Bank & Trust v. Smith*, 679 S.W.2d 592, 596 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Nolan v. Bettis*, 577 S.W.2d 551, 556 (Tex. Civ. App.—Austin 1979, writ ref'd n.r.e.).

amounts due and owing under the note and deed of trust." *Falk v. Wells Fargo Bank*, No. 3:09-cv-678-B, 2011 WL 3702666, at *7 (N.D. Tex. Aug. 19, 2011) (citing *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835 (Tex. App.—Fort Worth 1999, pet. denied); *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)); *see also Hill v. Wells Fargo Bank, N.A.*, No. V-12-11, 2012 WL 2065377, at *8-9 (S. D. Tex. June 6, 2012) (Rainey, J.). Plaintiff states that he currently cannot tender the amount due under the promissory note and deed of trust. First Amended Complaint, at 14. Accordingly, Plaintiff's request for rescission is denied.

## IV. <u>CONCLUSION AND ORDER</u>

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED**. It is further

**ORDERED** that Plaintiff's wrongful foreclosure, violation of section 51.002 of the Texas Property Code, breach of contract, promissory estoppel claims, and fraud are **DISMISSED with prejudice**. It is further

**ORDERED** that Plaintiff's request that the Court rescind the foreclosure sale is **DENIED.** It is further

**ORDERED** that Plaintiff's request for a temporary restraining order and a temporary injunction are **DENIED as moot.** It is further

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this 19th day of **July, 2013.**

_____
Nancy F. Atlas
United States District Judge